H. G. FOSTER, Special Prosecutor; Jack McQuary,
Special Prosecutor *v.* Hon. Victor L. HILL, Circuit Judge

07-1235                                                         269 S.W.3d 791

Supreme Court of Arkansas
Opinion delivered December 10, 2007

PER CURIAM. Special prosecuting attorneys H. G. Foster and Jack McQuary petition this court for a writ of prohibition or in the alternative a writ of certiorari to halt the empaneling of a special grand jury by Circuit Court Judge Victor L. Hill. On July 12, 2007, Judge David Burnett entered an order[1] appointing Foster and McQuary as special prosecutors to investigate possible criminal conduct of West Memphis police officer Erik Stammis in the death of DeAunta Farrow. On November 26, 2007, Judge Hill entered an order directing the circuit clerk to summon jurors to serve on a special grand jury to carry out the same task. The issue brought to this court is the question of who may investigate Farrow's death.

Farrow's death occurred in Crittenden County. Both Judge Hill and Judge Burnett serve in the Second Judicial District, which includes Crittenden County. Judge Hill serves in Division 6, and

---

[1] The July 12, 2007 order is captioned "IN THE MATTER OF THE APPOINTMENT OF A SPECIAL PROSECUTOR IN RE: THE DEATH OF DEAUNTA FARROW." The order bears no case number. On December 3, 2007, Judge David Burnett entered an order concerning redaction of confidential information in the event investigative files are released under a Freedom of Information Act request. That order bears the same caption and again bears no case number.

Judge Burnett serves in Division 3. Under the current Plan of the Second Judicial District Pursuant to Administrative Order 14, Crittenden County criminal cases are assigned to Divisions 3, 5, and 8. Division 6 is assigned Crittenden County civil cases.[2] The special prosecutors allege that Judge Hill, who serves in Division 6, may not empanel a special grand jury to investigate Farrow's death, and Judge Hill asserts that he may.

■ This petition will be treated as a case. We direct that the following issues be briefed:

1. Whether an assignment under Administrative Order No. 14 that a division of the circuit court hear only civil cases arising in a given county precludes the circuit court judge serving in that division from exercising jurisdiction in criminal cases arising in that county;

2. Whether Ark. Code Ann. § 16-32-201(a)(2)(A) (Supp. 2007) which limits circuit courts that may empanel grand juries to those assigned criminal cases also limits the authority granted circuit courts in Ark. Code Ann. § 16-85-517 (Repl. 2005) to empanel a special grand jury to circuit courts assigned criminal cases;

3. Whether a division of the circuit court in a judicial district may empanel a grand jury to investigate an incident for criminal conduct when another division of the circuit court in the same judicial district has already appointed a special prosecutor to perform the same task;

4. Whether a judge in a division of a judicial district has the authority to terminate the appointment of special prosecutors appointed by the judge in another division of the same judicial district; and

5. Whether this court's general superintending control of circuit courts granted under amendment 80 may be exercised under its original jurisdiction to direct that only one of two circuit courts possessing subject-matter jurisdiction may exercise that jurisdiction.

---

[2] Under the Plan of the Second Judicial District Pursuant to Administrative Order 14, Judge Victor L. Hill is assigned criminal cases arising in Craighead County, Poinsett County, and the Osceola District of Mississippi County.

We request that the parties in this matter and the Attorney General's office, file simultaneous briefs on the above issues, and on any other issues the parties deem relevant, with the clerk of this court within thirty days of the date of this opinion. Any party wishing to respond may file a reply brief within five days thereafter.